GEORGE E. GRONEMEYER,

*vs.*

HUNTER MANUFACTURING CORPORATION, a corporation of the State of Delaware.

*New Castle, October 28, 1954.*

*John M. Bader, Joseph A. L. Errigo,* Wilmington, for plaintiff.

*James R. Morford, Ernest S. Wilson, Jr.,* of Morford & Bennethum, Wilmington, and *Robert R. Thornton,* of Dorr & Hand, New York City, for defendant.

SEITZ, Chancellor: Since the court filed its opinion in this case, *Gronemeyer v. Hunter Mfg. Corp.,* 34 *Del.Ch.* 515, 106 *A.2d* 519, the

parties have been engaged in prolonged private argument as to the form of order to be entered thereon. The matter has finally been submitted to the court for decision. The difficulty arises from the nature of the case, as is best demonstrated by a reading of the previous opinion. It was there held, in substance, that plaintiff was entitled to protection of the "know-how" taught by certain patterns and drawings which were revealed to defendant under an agreement and then returned to plaintiff.

Plaintiff seeks one of two types of injunction:

1. Enjoin defendant perpetually from using or disclosing any of the processes, methods or techniques exemplified by the patterns and drawings, or,

2. Enjoin defendant, for a limited period of time, from making any reflective insulation which embodies or employs methods or techniques that are substantially identical with those taught by the drawings.

Defendant says that plaintiff is not entitled to an injunction and that even if he is, it is necessary to limit it so that it will not embrace matters taught by the patent owned by defendant, or information already in the public domain or know-how secured from plaintiff while he was employed by defendant. Alternatively, defendant contends that the court should grant plaintiff monetary relief in lieu of an injunction because of the practical difficulties in formulating an injunction which would be both fair and workable.

I do not hesitate to say that this problem is a particularly difficult one for this court. As the arguments of counsel have demonstated, it is a challenge to the ingenuity of a court of equity. The conclusions hereinafter reached are not entirely satisfactory. I believe that such a result is inevitable where, as here, there must be an accommodation of the rights of both sides. The subject matter—know-how—is such that language is inadequate to delineate the respective rights of the parties in a manner which will be fully meaningful to defendant when it proceeds with its operation. And, more important, language of the kind sought by plaintiff would make a fairly objective evaluation of defendant's subsequent conduct almost impossible.

In my discretion I determine that the relief should take the form of the grant of an election to plaintiff to choose between two alternatives. In this way, plaintiff may have a choice of fair alternatives and defendant will not benefit by its legal wrong. I do not believe that these facts present a situation when plaintiff is being forced to take something less or something different than he is entitled to under the decision. The reversing aspects of *Richard Paul, Inc. v. Union Improvement Co.*, 33 *Del.Ch.* 113, 91 *A.2d* 49, are therefore not in point.

I believe equity has jurisdiction to give a plaintiff such a choice in a case such as is ⟨revealed by my previous opinion, *viz.*, where the equitable right has been established and the difficulties arise from the formulation of the relief.

The first alternative will be an injunction directing the destruction, as of a fixed future date, of all drawings and patterns in the defendant's possession or control. I exclude those which plaintiff admits are taught by the patent. I recognize that this will impinge on the so-called "improvements" made on plaintiff's drawings while plaintiff was employed by defendant. However, as I view the evidence, there is no practical way to separate the two and defendant must suffer the consequence under my findings.

This order will not be entirely satisfactory to plaintiff. But plaintiff conceded that the "know-how" reflected in his drawings and patterns could be reproduced by competent persons in what I calculate to be about two years. I believe it is fair to infer from the evidence that one owning the patent and having the benefit of plaintiff's employment for the time involved, plus the other materials here involved, could do it in substantially less time. Thus, I conclude that defendant could have done it in less time.

It is true that defendant's employees will continue to have the benefit of some of the know-how disclosed by the drawings since they have been working with them. However it is not feasible to "brain wash" the employees. Moreover, the court is reluctant here to enter an order which, in effect, would shut down the business, particularly where, as here, the plaintiff sold the assets and the patent

to defendant for a substantial consideration. Also, defendant paid plaintiff a substantial salary while it employed him. This is not to say that plaintiff's relief should be arbitrarily reduced. But I do say that defendant has substantial rights and is entitled to have them considered by a court of equity in formulating its relief.

I will also consider a possible provision which would enjoin the disclosure of this know-how to third parties.

The order should direct the defendant to file an account covering the work properly allocable to the period from the date when the drawings should have been returned until a date to be fixed in the order. Counsel will be heard as to the latter date. The order should also fix a date for plaintiff to file exceptions.

It seems to me that the form of injunction suggested plus the accounting will give plaintiff all the relief to which he is fairly entitled under the facts.

The second alternative available to plaintiff will be a money judgment for the fair value of the know-how retained, in effect, by defendant. This will be in lieu of an injunction and an accounting. It is premised on the theory that the ethereal quality of the subject matter plus the conditions necessarily created thereby render it impossible to issue a completely workable and fair injunction. Counsel will also be heard as to the monetary yardstick to be applied to this alternative.

The judgment should incorporate the alternatives and should provide that plaintiff will be given a fixed number of days to indicate an election at the foot of the judgment.

Order on notice.